**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **PERMIAN BASIN PETROLEUM** | ) | |
| **ASSOCIATION, CHAVES COUNTY,** | ) | |
| **NEW MEXICO, ROOSEVELT** | ) | |
| **COUNTY, NEW MEXICO, EDDY** | ) | |
| **COUNTY, NEW MEXICO AND LEA** | ) | |
| **COUNTY, NEW MEXICO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **MO-14-CV-050** |
| | ) | |
| **DEPARTMENT OF THE INTERIOR,** | ) | |
| **U.S. FISH AND WILDLIFE SERVICE,** | ) | |
| **SALLY JEWELL, AND DANIEL M. ASHE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION OF KANSAS NATURAL RESOURCE COALITION
FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

The Kansas Natural Resource Coalition (KNRC) submits this Motion for Leave to File a Brief *Amicus Curiae* in support of Plaintiffs' Motion for Summary Judgment, which asserts that the U.S. Fish and Wildlife Service (FWS) violated the Administrative Procedure Act (APA) in promulgating a Final Rule that listed the Lesser Prairie-Chicken (LPC) as a threatened species under the Endangered Species Act, 16 U.S.C. § 1531 et seq.. The proposed Brief *Amicus Curiae* is attached hereto as Exhibit A.

Plaintiffs have authorized us to state that they have no objection to the KNRC's Motion for Leave to File its Brief *Amicus Curiae*. Defendants have stated that they will oppose the Motion.

In support of this Motion, KNRC submits that it is uniquely positioned to assist the Court in assessing the validity of Plaintiffs' claims that (1) in determining whether to list the LPC,

FWS violated its obligations under its Policy for Evaluation of Conservation Efforts (PECE) to evaluate in a rigorous manner current or planned conservation efforts by State and local governments throughout the LPC's range, including those by the 32 Kansas counties represented by the KNRC; and (2) the agency's decision to list the LPC was arbitrary, capricious, and contrary to law because it failed to consider an important aspect of the listing issue, in violation of the principles established in *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983).   FWS ignored the significance of the extensive evidence submitted by State and local governments throughout the LPC's range concerning the comprehensive grassroots conservation efforts that were underway to protect the species and its habitat.

The Final Rule impacts many States, counties, and local governments throughout the LPC's five State range and the residents of that region, and affects the tax base from which those governmental bodies raise revenues to fund services.   KNRC's *amicus* brief provides an independent perspective that will give the Court a more complete understanding of the issues raised in this case.   Moreover, there is no valid basis for Defendants' opposition to KNRC's Motion.   Granting leave to KNRC to submit its *amicus* brief would not expand the issues before the Court; would not duplicate the legal arguments presented by Plaintiffs; and is timely filed on the same day as the filing of the party whose position KNRC would support.   Accordingly, exercise of the Court's ample discretion to grant leave to file KNRC's *amicus* brief is fully warranted.

**BACKGROUND**

KNRC is a collaborative group of 32 Boards of County Commissioners of counties that occupy the western geographic one-third of Kansas.[1]  KNRC counties contain the vast majority (>75%) of the LPC population across its five-State range and greater than 80% of the LPC's range in Kansas.  *See* FWS, Final Rule, 79 Fed. Reg. 19,974, 19,994 (April 10, 2014).  The 32 counties organized KNRC to coordinate their natural resource conservation and environmental programs with Federal and State governmental agencies, to promote balanced and effective administrative policymaking, and to serve as a unified voice and a conduit between agencies and their county constituents.

During the multi-year administrative process leading up to FWS's decision to list the LPC, KNRC actively participated by preparing and submitting to FWS a Natural Resource Coordination Plan and an LPC Conservation, Management and Study Plan, which were formally adopted by Resolution into the land-use ordinances of each individual KNRC member county. KNRC provided FWS with locally-available data, plans, testimonials, and scientific data; submitted multiple comments to the rulemaking docket; and held multiple in-person meetings with FWS to describe the adverse effects that a listing of the LPC would have on the communities and individuals within western Kansas whose governments are pursing grassroots LPC conservation programs.  The KNRC also conducted a two-day Public Hearing on the advisability of listing the LPC as a threatened species and provided FWS with extensive findings of fact and conclusions of law drawn from the public testimony and evidence submitted at the Public Hearing.

---

[1] Clark, Comanche, Edwards, Ellis, Finney, Ford, Gove, Graham, Grant, Hamilton, Haskell, Hodgeman, Kearny, Kiowa, Lane, Logan, Meade, Morton, Ness, Pawnee, Rooks, Rush, Scott, Seward, Sheridan, Sherman, Stanton, Stevens, Thomas, Trego, Wallace, and Wichita Counties.

The Preamble to the Final Rule recognized that in August 2013, KNRC had adopted a Conservation, Management, and Study Plan for the LPC, which sought to preserve, maintain, and increase LPC populations in balance with the human environment. The Preamble also recognized several local conservation efforts being undertaken by the KNRC in six major conservation categories. *Id*. at 19,994.

**ARGUMENT**

The decision whether to permit a non-party to submit an *amicus* brief is within the broad discretion of the Court.  *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996).  *See also United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).  The Court should exercise that discretion and grant KNRC's Motion for Leave to File its Brief *Amicus Curiae*.

KNRC's *amicus* brief does not expand the issues before the Court.  *See Christopher M. v. Corpus Christi Ind. School Dist.*, 933 F.2d 1285, 1292 (5th Cir. 1991) (denying a motion to file an *amicus* brief on this ground).  Rather, KNRC's brief would direct the Court's attention to evidence in the record, drawn from KNRC's experience and otherwise not available to the Court, which supports Plaintiffs' position.  This evidence shows that FWS failed to comply with the PECE and did not conduct the required rigorous analysis of the information submitted to it about grassroots conservation efforts for the LPC that were underway at the State and local government level throughout its range.  The brief also shows that by artificially narrowing the evidence it would consider and disregarding the information about local conservation efforts that was provided to it, the agency disregarded an entire aspect of the issue before it, in violation of the APA.

KNRC's *amicus* brief does not duplicate the legal arguments submitted by Plaintiffs' in support of their motion for summary judgment.  Rather, the brief addresses KNRC's difficulties in trying to communicate to FWS information about the many grassroots conservation programs that have been adopted and are being implemented by State and local governments in western Kansas.  The brief also discusses KNRC's efforts to compel the agency, in making the listing decision, to carry out its legal obligation to evaluate this information about State and local

conservation plans in a rigorous manner under the PECE.  Finally, the brief discusses the adverse effects that the rural communities and residents of western Kansas are suffering from the arbitrary and capricious listing decision made by FWS as a result of its systematic disregard of the extensive record evidence of the comprehensive LPC conservation efforts being undertaken by State and local governments.

The KNRC's experience with FWS is of great important to the resolution of the issues in this case.  Its experience is illustrative of a systematic problem that adversely affected State and local governments throughout the LPC's five-State range, including the four Plaintiff New Mexico counties, that pressed FWS to carry out its legal obligation to evaluate in a rigorous manner the evidence of grassroots conservation efforts underway to protect the LPC and its habitat.  The focus of KNRC's brief thus is significantly different from the legal arguments presented by Plaintiffs.

Finally, KNRC's Motion is timely filed.  No provision of the Federal Rules of Civil Procedure or the Local Rules of this Court expressly address the time or the conditions under which an *amicus* brief may be filed.  The Federal Rules of Appellate Procedure are instructive, however, on the principles the Court should consider applying in determining whether to exercise its discretion to permit the filing of this brief.[2]  For example, Federal Rule of Appellate Procedure 29(e) provides that a motion for leave to file an *amicus* brief must be filed "no later than 7 days after the principal brief of the party being supported is filed." FED. R. APP. P. 29(e). The purpose of this requirement is to ensure that the *amicus* brief is filed sufficiently early so

---

[2] Because a district court reviewing agency action on the basis of an administrative record "sits as an appellate tribunal," *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225 (D.C. Cir. 1993), the appellate rules are particularly relevant to the Court's exercise of discretion here.

that "no adjustment need be made in the opposing party's briefing schedule." FED. R. APP. P. 29(e) cmt.

Under these standards, KNRC's Motion is timely filed. This Motion and the proposed *amicus* brief are being submitted on the same day as the dispositive motion of the party whose position it is supporting. The submission of the *amicus* brief on this date does not burden or unfairly prejudice FWS, or deprive it of a reasonable time in which to respond. The government will have the full period of time permitted under the Court's briefing schedule to consider whether and how to respond to the arguments in KNRC's brief.

**CONCLUSION**

The Court should grant the Motion of the Kansas Natural Resource Coalition for Leave to Submit a Brief *Amicus Curiae* in Support of Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

JOHN F. COONEY
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344–4812
jfcooney@venable.com

RICK G. STRANGE
Cotton, Bledsoe, Tighe & Dawson PC
500 West Illinois, Suite 300
Midland, Texas 79701
(432) 897-1440
rstrange@cbtd.com

*Counsel for Amicus Curiae*
*Kansas Natural Resource Coalition*

May 7, 2015